In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00187-CR

                                                ______________________________

 

 

                           MELROY LYNN ANDERSON, JR.,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 354th
Judicial District Court

                                                              Hunt County, Texas

                                                            Trial
Court No. 25,165

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Melroy Lynn
Anderson, Jr., was convicted by a jury of possessing cocaine, in an amount of
four or more but less than 200 grams, and was sentenced to ten years’
incarceration.  Anderson challenges only
the legal sufficiency of the evidence supporting his conviction.  We affirm the judgment of the trial
court.   

I.         Facts

 

            Anderson agreed to drive George
Washington Sharper and Markus Ladane Stephenson from Greenville, Texas, to
Commerce, Texas, using his sister-in-law’s maroon Buick Alero.  After Anderson pulled into an apartment
complex, Sharper and Stephenson exited the vehicle and robbed Terrance “Boo”
Pitts and Erica Pitts at gunpoint. 
Stolen items included 25.23 grams of crack cocaine, eight pairs of “Nike-brand
Jordan shoes,” and three bejeweled rings. 
After the robbery, Sharper and Stephenson met Anderson in the parking
lot, and both jumped in the back seat while Anderson drove away. 

            Responding
to a radio broadcast describing Anderson’s vehicle, Commerce Police Officer
Neil Johnson drove to the suspected location, spotted Anderson travelling at a high
rate of speed in a vehicle matching the broadcast description, and conducted a
felony traffic stop.  After Anderson,
Sharper, and Stephenson were detained, Johnson searched the car.  A “.380 caliber pistol was located under the
front driver’s side seat,” a “.22 caliber pistol was located under the rear
passenger seat,” and “a bag containing at least 11 individual baggies” of crack
cocaine was spotted on the rear passenger side floorboard in plain view.  Nike shoes taken during the robbery were
found in a black “duffle-style” bag, and the Pittses’ rings were found in
Stephenson’s possession.  

            In his
initial interview with lead investigator Chris Bryan Vaughan, Sharper claimed
that he did not know Anderson.  Sharper
knew Terrance was a drug dealer.  Sharper
told Vaughan that while riding with Anderson, he and Stephenson concocted a
plan in which they would pretend to buy drugs from Terrance, and would then rob
Terrance of the drugs when the opportunity arose. After the robbery, Sharper
stated Stephenson was counting the stolen crack cocaine in the back seat while
Anderson drove.  Sharper claimed that
Anderson was a drug user and knew what was going on.  

            At trial,
Sharper claimed Anderson “was just giving us a ride.  He didn’t know what was going on.”  Sharper testified, “[W]e got to Commerce and
we went to some apartments and told [Anderson] we was just going to see some
friends but it really wasn’t and we robbed somebody.”  Stephenson also claimed that he possessed the
drugs and that Anderson had no involvement with the robbery or drug
possession.  Stephenson did admit that he
began counting the drugs in the car while Anderson was driving.  

            Anderson
testified in his defense.  He claimed
that his cousin asked him to give Sharper and Stephenson a ride to “pick up
some money.”  He averred that he did not
know Sharper or Stephenson, was unaware of the plan to rob Terrance, and was
unaware of the drugs placed in the car.  

            

            At
the conclusion of the evidence, the jury found Anderson guilty of possessing
the cocaine. 

II.       Standard of Review 

 

            In
evaluating legal sufficiency, we review all the evidence in the light most
favorable to the jury’s verdict to determine whether any rational jury could
have found the essential elements of possession of four or more but less than
200 grams of cocaine beyond a reasonable doubt.[1]
 Brooks
v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing Jackson v. Virginia, 443 U.S. 307, 319
(1979)); Hartsfield v. State, 305
S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref’d) (citing Clayton v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007)).  Our rigorous
legal sufficiency review focuses on the quality of the evidence presented.  Brooks,
323 S.W.3d at 917 (Cochran, J., concurring). 
We examine legal sufficiency under the direction of the Brooks opinion, while giving deference
to the responsibility of the jury “to fairly resolve conflicts in testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.”  Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 318–19).  

            Legal
sufficiency of the evidence is measured by the elements of the offense as
defined by a hypothetically correct jury charge.  Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  “To prove unlawful possession of a controlled
substance, the State must prove that:  (1) the
accused exercised control, management, or care over the substance; and (2) the
accused knew the matter possessed was contraband.”[2]
 Tex.
Health & Safety Code Ann. § 481.115(a), (d) (Vernon 2010); Poindexter v. State, 153 S.W.3d 402, 405
(Tex. Crim. App. 2005).  

            Anderson’s
mere presence in the vicinity of the cocaine found is insufficient to show
knowing possession of it.  Evans v. State, 202 S.W.3d 158, 161–62
(Tex. Crim. App. 2006).  When combined
with other direct or circumstantial evidence, however, his proximity may be
sufficient to establish beyond a reasonable doubt possession of the
cocaine.  Id.  Where, as here, Anderson
was not in exclusive possession of the vehicle where the cocaine was found,
additional independent facts and circumstances must be developed in order to
raise a reasonable inference of his knowledge and control of the
contraband.  Poindexter, 153 S.W.3d at 406. 
This rule protects an innocent bystander from conviction merely because
of proximity to someone else’s drugs.  Evans, 202 S.W.3d at 161–62.

            The evidence
linking Anderson to the cocaine “must establish, to the requisite level of
confidence, that [Anderson’s] connection with the drug was more than just
fortuitous.”  Poindexter, 153 S.W.3d at 405–06. 
The following is a nonexclusive list of links that have been found to be
sufficient, either singly or in combination, to establish a person’s possession
of contraband:  (1) the defendant’s
presence when a search is conducted; (2) whether the contraband was in plain
view; (3) whether the contraband was in close proximity to, or accessible by,
the defendant; (4) whether the place where the contraband was found was
enclosed; (5) whether the defendant was under the influence of narcotics when
arrested; (6) whether the defendant possessed other contraband or narcotics
when arrested; (7) whether the defendant made incriminating statements when
arrested; (8) whether the defendant attempted to flee; (9) whether the
defendant made furtive gestures; (10) whether there was an odor of contraband
present at the scene; (11) whether other contraband or drug paraphernalia
were present; (12) whether the defendant owned or had a right to possess the
place where the contraband was found; (13) whether the defendant was found with
a large amount of cash; (14) whether the defendant possessed weapons; and (15)
whether conduct of the defendant indicated a consciousness of guilt.  Evans,
202 S.W.3d at 162 n.12; Hargrove v. State,
211 S.W.3d 379, 385–86 (Tex. App.—San Antonio 2006, pet. ref’d).  The number of links is not dispositive;
rather, we look to the “logical force of all of the evidence, direct and
circumstantial.”  Evans, 202 S.W.3d at 162.

III.      Legally Sufficient Evidence Supported
Anderson’s Conviction 

 

            Anderson was
present when the search was conducted; Johnson testified the cocaine was in
plain view; it is possible the drugs were accessible by Anderson even though
they were found on the rear passenger side floorboard; and the drugs were found
in the Alero, an enclosed space. 
Additionally, a gun believed to be used in the robbery was present.[3]  Another gun was found under the front driver’s
side seat, and both Sharper and Stephenson testified that Sharper did not have
a gun on the day of the robbery. 
Anderson was driving his cousin’s vehicle, which indicated he had a
right to temporarily possess the vehicle where the cocaine was found.  See
Menchaca v. State, 901 S.W.2d 640, 652 (Tex. App.—El Paso 1995, pet. ref’d)
(holding appellant’s control over borrowed vehicle raised inference he knew of drugs
in vehicle).

              There was no evidence indicating Anderson was
under the influence of narcotics when arrested, that he possessed other
contraband or narcotics when arrested, made incriminating statements when
arrested, attempted to flee, or made furtive gestures.  Additionally, there was no testimony of an
odor of contraband present at the scene, no indication that Anderson possessed
a large amount of cash, and no allegation that Anderson indicated a
consciousness of guilt.  

            The jury
also heard testimony that Anderson became aware of the plot to steal the drugs
and that he was a drug user.  A juror
could reasonably infer that Anderson drove the other two to the house knowing
theft of drugs would occur and that Anderson expected to receive a portion of
the drugs for his efforts; such evidence provides an additional link between
Anderson and the stolen contraband.  See Williams
v. State, 309 S.W.3d 124, 129 (Tex. App.—Texarkana 2010, pet. ref’d)
(knowing that drugs were placed in vehicle under defendant’s control while he had
sufficient time to terminate that possession, but failed to do so, could result
in defendant being a joint possessor). 

            Again, the
number of links is not dispositive.  We
find that the logical force of all of the evidence indicates more than mere
presence in the vicinity where the crack cocaine was found.  

            Control over
contraband need not be exclusive, but can be jointly exercised by more than one
person.  McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985); Martinez v. State, 880 S.W.2d 72, 77
(Tex. App.—Texarkana 1994, no pet.).  The
jury was the judge of credibility in this case. 
As such, the jury was free to believe statements in Sharper’s initial
interview with Vaughan that Anderson was a drug user and knew what was going
on.  The jury could have regarded
Stephenson’s statement at trial that he was counting the drugs while Anderson
drove as evidence that Anderson knew the matter possessed was contraband.  With the links analysis, when viewed in a
light most favorable to the verdict, we find that a rational jury could have
found unlawful possession of a controlled substance beyond a reasonable doubt. 

IV.      Conclusion 

 

            We affirm the trial court’s
judgment. 

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          January
24, 2011         

Date Decided:             February
3, 2011

 

Do Not Publish

 

 

 

 











[1]Anderson
does not challenge that the amount of cocaine was four or more but less than
200 grams.  





[2]Possession
is defined as “actual care, custody, control, or management.”  Tex.
Penal Code Ann. §
1.07(a)(39) (Vernon Supp. 2010).





[3]“‘Contraband’
means property of any nature, including real, personal, tangible, or
intangible, that is:  (A) used in the commission of: (i)
any first or second degree felony under the Penal Code.”  Tex.
Code Crim. Proc. Ann.  art. 59.01(2)(B)(i)
(Vernon Supp. 2010).  The aggravated
robbery committed by Sharper and Stephenson was a first degree felony.  Tex.
Penal Code Ann. § 29.03(b)
(Vernon 2003).